**LAW OFFICES OF PERRY C. WANDER**
Perry Wander, Esq. (SBN:  102523)
9454 Wilshire Blvd., Penthouse
Beverly Hills, CA 90212
Telephone: 310-274-9985
Facsimile:  310-274-9987
pcwlaw@msn.com

Attorney for Plaintiff Inner Game Resources, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INNER GAME RESOURCES, INC., | Case No. |
| Plaintiff, | **COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR:** |
| vs. | **1. Trademark Infringement** |
| | **2. False Designation of Origin** |
| ADIDAS AG and ADIDAS AMERICA, INC., | **3. Reverse Confusion** |
| | **4. Unfair Competition** |
| Defendants. | **DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

1.      By means of this lawsuit, Plaintiff Inner Game Resources, Inc. (hereinafter "Company" or "Plaintiff") seeks to redress for violations by Defendants adidas AG and adidas America, Inc. (collectively, "adidas") of the intellectual property rights of Plaintiff and Mr. Gallwey. Defendants' violations have caused encroached on Plaintiff's right to utilize its original creations and literary works through its business.

2.      Mr. Gallwey is widely acknowledged as the godfather of the current coaching movement, a leading innovator in sports psychology, and creator of the world-renowned The Inner Game motivational psychology concept. Beginning as early as 1973, while working as a tennis instructor, he discovered a method of teaching that encourages students to focus their awareness of their movements while playing. This focus allowed players' technique to naturally evolve and self-correct. Consequently, players using Mr. Gallwey's methods improved more quickly than usual.

3.      Mr. Gallwey wrote his first book based on his effective teachings, *The Inner Game of Tennis*, which has sold over two million copies, creating a touchstone for millions of people. Subsequently, he authored several other best-selling books, including *The Inner Game of Tennis*, *The Inner Game of Golf*, *The Inner Game of Work*, *The Inner Game of Music, The Inner Game of Stress,* and *Inner Skiing*.

4.      The trusted principles of Mr. Gallwey's popular Inner Game series have helped athletes and coaches all over the world. Mr. Gallwey's teachings have been revered by the likes of Tom Brady, Pete Carroll, and Steve Kerr. Recently, author Brett Cyrgalis wrote a tribute to Mr. Gallwey in his book *Golf's Holy War: The Battle for the Soul of a Game in an Age of Science* where he explained that Fred Shoemaker was inspired by Mr. Gallwey to write his widely praised books and found his popular golf school Extraordinary Golf ™.

5.     As the concept of The Inner Game gained popularity, Mr. Gallwey began to employ the Inner Game methods to life outside of sports. He has now spent three decades inspiring successful organizations including Apple, AT&T, The Coca Cola Company and Rolls Royce with whom he shared The Inner Game of leadership, sales, change management and teamwork.

6.     Mr. Gallwey has used and promoted his The Inner Game concept prominently and consistently since at least 1973 through lectures and keynote speeches, workshops and seminars, books about sports, music and business, and the creation of Life U and The Inner Game schools throughout the world, dedicated to teaching The Inner Game concepts. These teachings have also been the subject of television specials where he has coached celebrities in the techniques of The Inner Game.

7.     The proven success of the concept has caused the public to associate the concept and the term "Inner Game" uniquely with Mr. Gallwey. For this reason, the term has become a well-known and famous mark.

8.     Mr. Gallwey is also the owner and originator of The Inner Game trademark as applied to goods and services related to sports coaching, training, psychology and self-improvement. His ownership is evidenced by incontestable United States trademarks Reg. No. 1,058,748, registered February 8, 1977, and Reg. No. 3,511,773, registered October 7, 2008, as well as European Union trademark Reg. No. 6709174, effective February 29, 2008, covering all 28 EU member states.

9.     On October 6, 1977, Mr. Gallwey formed his company Inner Game Resources, Inc. and subsequently licensed his trademarks to it on October 6, 1977, October 7, 2008, and March 1, 2008, respectively (collectively, the "Trademark").

10.     Recently, Mr. Gallwey discovered that adidas, a worldwide sporting goods and apparel giant, utilized the term "Inner Game" in connection with an injection pack of adidas NEMEZIZ and X soccer cleats that adidas introduced on its websites.

11.    Given the worldwide renown of the Trademark and the Inner Game concept, and its unique association with Mr. Gallwey and Inner Game Resources, Inc., it is very likely that the company knew that Inner Game Resources, Inc. had been using and Mr. Gallwey had registered the Trademark. Indeed, a simple Google search of "Inner Game" reveals countless references to Mr. Gallwey and the Inner Game brand, and, as such, adidas' wholesale usurpation of "INNER GAME" in connection with highly related athletic footwear constitutes a transparent attempt to trade on the goodwill associated with Mr. Gallwey's intellectual property. adidas' adoption and use of the Trademark also creates confusion among consumers and falsely gives the impression that the adidas' athletic footwear is somehow associated with or sanctioned by Plaintiff, Mr. Gallwey, or The Inner Game concept, which it is not.

12.    adidas knew and intended that the its use of Trademark would dominate the sporting market and dilute or destroy the value of Mr. Gallwey's Trademark, making it impossible for Plaintiff to utilize its Trademark in its ordinary course of business without running into highly related and confusing use of "INNER GAME" to market and promote adidas' footwear.

13.    Mr. Gallwey is a prominent entrepreneur who has, over years of hard work as a coach, leading innovator, and creator developed his own company, world-renown brand, and motivational psychology concept using the name The Inner Game. Inner Game Resources, Inc. is only focused on protecting its and Mr. Gallwey's intellectual property for everyone that follows and embraces Mr. Gallwey's movement, coaching, and teachings.

## NATURE OF THE ACTION

14.    This is an action at law and in equity for trademark infringement, false designation of origin, reverse confusion, unfair competition, and deceptive trade practices arising under the Trademark Act of 1946, 15 U.S.C. § 1051 et seq. ("Lanham Act"), the California unfair competition statute, California Business and Professions Code § 17200 et seq., and the common law.

**PARTIES**

15.   Plaintiff Inner Game Resources, Inc. is a United States corporation formed under the laws of the State of California and is located at 14011 Ventura Boulevard, Suite 502, Sherman Oaks, CA 91423. At all relevant times, Inner Game Resources, Inc. has done business in the Central District of California and is subject to the jurisdiction of this court.

16.   Upon information and belief, Defendant adidas AG is a joint stock company organized and existing under the laws of the Federal Republic of Germany and has an address at Postach 11230, D-91072 Herzogenaurach, Federal Republic of Germany. At all relevant times, adidas AG has done business in the Central District of California and is subject to the jurisdiction of this court.

17.   Upon information and belief, Defendant adidas America, Inc. is a United States corporation formed under the laws of the State of Oregon and has its headquarters at 5055 N. Greeley Avenue, Portland, Oregon 97217. At all relevant times, adidas America, Inc. has done business in the Central District of California and is subject to the jurisdiction of this court.

**JURISDICTION AND VENUE**

18.   This is an action at law and in equity for trademark infringement, false designation of origin, reverse confusion, unfair competition, and deceptive trade practices arising under the Lanham Act, the California unfair competition statute, California Business and Professions Code § 17200 et seq., and the common law.

19.   This court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 1338 and the principles of supplemental jurisdiction.

20.   This court has personal jurisdiction over adidas in that it is doing business in and may be found in the State of California and the Central District of California. adidas is committing the acts alleged herein in the State of California and the Central District of California.

21.   Venue for this action is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b).

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**FACTUAL ALLEGATIONS**

22.    Mr. Gallwey is the author of the best-selling books *The Inner Game of Tennis, The Inner Game of Golf, The Inner Game of Work, The Inner Game of Music,* and *Inner Skiin*g and the creator of the world-renowned The Inner Game motivational psychology concept. Mr. Gallwey is also the owner and originator of The Inner Game® trademark as applied to goods and services related to sports coaching, training, psychology and self-improvement. His ownership is evidenced by incontestable United States trademarks Reg. No. 1,058,748, registered February 8, 1977, and Reg. No. 3,511,773, registered October 7, 2008, as well as European Union trademark Reg. No. 6709174, effective February 29, 2008, covering all 28 EU member states. On October 6, 1977, Mr. Gallwey formed his company Inner Game Resources, Inc. and subsequently licensed his trademarks to it on October 6, 1977, October 7, 2008, and March 1, 2008, respectively.

23.    Plaintiff has used and promoted The Inner Game concept prominently and consistently since at least as early as 1977, through Mr. Gallwey's lectures and keynote speeches, workshops, and seminars, books about sports, music and business, and the creation of Life U and The Inner Game schools throughout the world, dedicated to teaching The Inner Game concepts. The public associates the concept and the term "Inner Game" with Mr. Gallwey and Plaintiff. Examples of Plaintiff's website, goods, and services using the Trademark are below:





COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES





COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES





COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

24.   On information and belief, adidas is a prominent manufacturer of athletic sportswear and sporting equipment. adidas and adidas AG design, develop, market, promote, advertise, and sell its products and its brand within the United States and in other countries. Defendants design, develop, market, promote and advertise and sell their products in the United States through a variety of agents and representatives.

25.   Mr. Gallwey was troubled when he discovered that Defendants had begun to use the Trademark that he had licensed only to Plaintiff in connection with its Inner Game Soccer Collection. adidas used the term "INNER GAME" in its marketing and advertising efforts on its various websites both in the United States and Europe to market and promote a series of injection packs of adidas NEMEZIZ and X soccer cleats, without Plaintiff's knowledge or authorization.

26.   Upon information and belief, Defendants' use of the Trademark in its marketing began in May 2019 and continued throughout late 2019. Examples of Defendants' use of the Trademark are shown below:

1

Japan



11

Ireland

FREE DELIVERY OVER €50*          30 DAY FREE RETURNS          SHOP OVER 7000 PRODUCTS

## INNER GAME (5 Products)

**GENDER**

☐ Men [4]          ☐ Women [4]

☐ Kids [1]

**SIZE**

| 10K | 10.5K | 11K | 12K | 12.5K | 13K |
|-----|-------|-----|-----|-------|-----|
| 13.5K | 1 | 3.5 | 5 | 5.5 | 6 |

View More

**PRICE**

€89 – €280

○                                        ○

✕ Inner Game   Clear All

<   >

Football          Football          Football

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

<u>Russia</u>








COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Finland

FREE DELIVERY OVER €50*      30 DAY FREE RETURNS      SHOP OVER 7000 PRODUCTS

## INNER GAME  (5 Products)

### REFINE

**GENDER**

☐ Men (4)          ☐ Women (4)

☐ Kids (1)

**SIZE**

| 28 | 29 | 30 | 31 | 32 | 33 |
| 36 | 38 | 39 | 40 | 41 | 42 |

View More

**PRICE**

€ 99 - € 300

○                                          ○

× Inner Game    Clear All

‹          ›

https://m.adidas.fi/inner_game                                  7/18/2019

Football                  Football                  Football
NEMEZIZ 19+ FIRM GROUND   NEMEZIZ 19.1 FIRM GROUND  NEMEZIZ 19.3 FIRM GROUND
BOOTS                     BOOTS                     BOOTS
€ 299,95                  € 229,95                  € 99,95

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

United States



COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Italy

ALTRI ARTICOLI - FINO AL 50%
DI SCONTO

TUTTI GLI ORDINI SUPERIORI A €50 VENGONO
CONSEGNATI GRATUITAMENTE*

RESO GRATUITO ENTRO
30 GIORNI

## INNER GAME (5 Prodotti)

### AFFINARE

**GENERE**   ⌃

☐ Uomo (4)          ☐ Donna (4)

☐ Bambini (1)

**MISURA**   ⌃

| 28 | 29 | 30 | 31 | 32 | 33 |
| 36 | 38 | 39 | 40 | 41 | 42 |

Vedi di più

**PREZZO**   ⌃

89 € - 280 €

○                                        ○

× Inner Game    Cancella tutto

‹          ›

https://www.adidas.it/inner_game                         7/18/2019

Inner Game | adidas Italia                               Page 2 of 3

| Calcio | Calcio | Calcio |
| SCARPE DA CALCIO NEMEZIZ 19+ F... | SCARPE DA CALCIO NEMEZIZ 19.1 ... | SCARPE DA CALCIO NEMEZIZ 19.3 ... |
| 279,95 € | 219,95 € | 89,95 € |
| 4 colori | 4 colori | 3 colori |

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Greece

ΔΩΡΕΑΝ ΠΑΡΑΔΟΣΗ ΠΑΝΩ    ΔΩΡΕΑΝ ΕΠΙΣΤΡΟΦΕΣ 30    ΔΙΑΛΕΞΕ ΑΝΑΜΕΣΑ ΣΕ ΠΕΡΙΣΣΟΤΕΡΑ ΑΠΟ
ΑΠΟ €50*                HΜΕΡΩΝ                 7000 ΠΡΟΪΟΝΤΑ

**INNER GAME**  (5 Προϊόντα)

**ΦΥΛΟ**                                                    ⌃

☐ Ανδρικά (4)                    ☐ Γυναικεία (4)

☐ Παιδικά (1)

**ΜΕΓΕΘΟΣ**                                                 ⌃

| 28 | 29 | 30 | 31 | 32 | 33 |
| 36 | 38 | 39 | 40 | 41 | 42 |

Δες Περισσότερα

**ΤΙΜΗ**                                                    ⌃

€ 89 - € 280

◯                                            ◯

✕ Inner Game    Εκκαθάριση όλων

‹                                    ›



https://www.adidas.gr/inner_game                          7/18/2019

Ποδόσφαιρο                  Ποδόσφαιρο                  Ποδόσφαιρο

NEMEZIZ 19+ FIRM GROUND    NEMEZIZ 19.1 FIRM GROUND   NEMEZIZ 19.3 FIRM GROUND
BOOTS                      BOOTS                      BOOTS
€ 279,95                   € 219,95                   € 89,95

4 χρώματα                  4 χρώματα                  3 χρώματα

17

Retailer – Unisports Store

### adidas Inner Game Pack

Pick up your adidas Inner Game Pack right here on unisportstore.com, and find your inner game. The n ...

Read more

| | | Popular | Filter |
|---|---|---|---|

We use cookies to improve your experience, show you products you may like and save your cart. Continue if you're ok with this, or **read more** in our privacy policy.   ✕

https://www.unisportstore.com/adidas-inner-game-pack/                    7/18/2019

adidas Inner Game Pack                                                      Page 2 of 4

–20%
Popular                          **Biggest Summer Sale ever!** Save now







adidas Nemeziz 19+ FG/AG Inner Game - Football Blue/Footwear White/Co...

adidas Nemeziz 19+ FG/AG Inner Game - Football Blue/Footwear White/Co...

adidas Nemeziz 19.1 FG/AG Inner Game - Football Blue/Footwear White/C...

237.95 EUR                   149.95 EUR                   186.95 EUR

Retail price: 279.95 EUR
Delivery: 3-5 working days in EU

Delivery: 3-5 working days in EU

Retail price: 219.95 EUR
Delivery: 3-5 working days in EU

18

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Retailer – Shoppe Malaysia



Retailer – SoccerPro



COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

27.    Despite Plaintiff's ownership and use of the Trademark on its website and in its own business, including in Mr. Gallwey's lectures, keynote speeches, workshops and seminars, books about sports, music and business, and the creation of Life U and The Inner Game schools throughout the world, Defendants chose to use the Trademark to promote its own products.

28.    The foregoing depictions of websites show that Defendants have sold and is marketing and selling its products under the Trademark directly to consumers and to retailers in within and outside of the United States, who have been selling the product to consumers within and outside of the United States.

29.    Defendants' marketing and products which have been sold, offered for sale, and distributed by Defendant in connection with the Trademark are not associated with nor connected to Plaintiff. The use of the Trademark is not licensed, authorized, sponsored, endorsed or approved by Plaintiff in any way.

30.    Plaintiff has been using the Trademark in commerce in the U.S. and internationally. Plaintiff's ability to effectively use the Trademark has been detrimentally affected by Defendants' dominant use of the Trademark in marketing, selling, distributing, and offering for sale products in ways which were confusing as they were highly related to the goods and services with which Plaintiff uses and has used its Trademark. Defendants' obvious use of the Trademark to U.S. and international consumers has diluted and diminished the value of the Trademark.

31.    Defendants knew that the Trademark belonged to Plaintiff and that Plaintiff had a right to the Trademark, neither Mr. Gallwey nor Plaintiff had authorized Defendants to use the Trademark, and knew or should have known that its use of the Trademark belonging to Plaintiff in ways that are highly related to Plaintiff's goods and services would cause consumer confusion.

32.    On information and belief, Defendants knowingly, willfully and intentionally adopted and used highly related uses of the Trademark in order to mislead and confuse consumers into believing that all products bearing the

Trademark and all use of the Trademark, including that of Plaintiff, are provided, sponsored, affiliated with, or approved by Defendants.

33.   On June 13, 2019, Defendants were notified by Plaintiff's counsel of Plaintiff's prior right to the Trademark and the fact that its use of the Trademark was unauthorized and infringing and used in connection with goods that were highly related to Plaintiff's use, but Defendant willfully persisted with its infringing use of the Trademark.

34.   Defendants' use of the Trademark in connection with goods and/or services that are highly related to the goods and services with which Plaintiff uses and has used its Trademark is likely to deceive, confuse, and mislead prospective customers and customers into believing that goods and services marketed, sold, distributed, and offered for sale by Defendants are produced by, authorized by, or in some manner associated with Plaintiff. This is not the case.

35.   Plaintiff is unable to use or exploit its trademark without running into Defendants' confusingly highly related use of the Trademark which has caused irreparable harm to the goodwill and brand value associated with the Trademark. The wholesale usurpation of Plaintiff's Trademark in connection with highly related goods constitutes bad faith and a transparent attempt by Defendants to trade on the goodwill associated with the Trademark.

## FIRST CAUSE OF ACTION

### (Federal Trademark Infringement of the Trademark - Lanham Act § 32)

36.   Plaintiff hereby incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

37.   Mr. Gallwey has licensed the valid and enforceable "THE INNER GAME" trademark as applied to goods and services related to sports coaching, training, psychology and self-improvement to Plaintiff.

38.   Defendants' use of the Trademark in connection with goods and/or services that are highly related to the goods and services with which Plaintiff uses and has used its Trademark, Defendants' branding of their athletic footwear, is

likely to cause confusion, deception and mistake by creating the false and misleading impression that Defendants' products are associated or connected with Plaintiff, or have the sponsorship, endorsement, or approval of Mr. Gallwey or Plaintiff, and as such constitutes infringement of Plaintiff's Trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

39.   Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's federally registered Trademark to Plaintiff's great and irreparable injury.

40.   Defendants have caused substantial injury to the public and to Plaintiff, and Plaintiff is entitled to recover adidas's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

## SECOND CAUSE OF ACTION

### (Federal Unfair Competition and False Advertising – Lanham Act §43(a)); 15 U.S.C. sections 1125(a)(1)(A) and 1125 (a)(1)(B))

41.   Plaintiff hereby incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

42.   Through its use of the Trademark since 1977, Plaintiff has developed goodwill rights in the Trademark, which goodwill is protected by Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

43.   Defendants' use of the Trademark in connection with products and marketing that are highly related to the goods and services with which Plaintiff uses and has used its Trademark has caused and/or is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' goods and services are associated or connected with Plaintiff, or have sponsorship, endorsement, or approval of Plaintiff. The Lanham Act recognizes the use of unregistered marks in commerce as a form of unfair competition.

44.   Defendants have made false representations, false descriptions, and false designations of origin of its goods and services in violation of 15 U.S.C. §1125(a)

and Defendants' activities have caused a likelihood of confusion and deception of members of the public and additionally injury to Plaintiff's goodwill and reputation as embodied in the Trademark, for which Plaintiff has no adequate remedy at law.

45.    Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Trademark to the great and irreparable injury to Plaintiff. Defendants knew that their unauthorized use of Plaintiff's Trademark was false or likely to mislead consumers.

46.    Defendants' conduct has caused substantial injury to the public and to Plaintiff and Plaintiff is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§1114, 1116 and 1117.

## THIRD CAUSE OF ACTION

### (Reverse Confusion – Lanham Act §32)

47.    Plaintiff hereby incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

48.    Mr. Gallwey has licensed the valid and enforceable "THE INNER GAME" trademark as applied to goods and services related to sports coaching, training, psychology and self-improvement to Plaintiff.

49.    Defendants' use of the Trademark in connection with products and marketing that are highly related to the goods and services with which Plaintiff uses and has used its Trademark has caused and/ or is likely to cause confusion, deception and mistake by creating the false and misleading impression that Plaintiff's goods and services originate from Defendants, and/or are associated with or connected with Defendants, and as such constitutes reverse confusion trademark infringement of the Marks in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114, and is likely to cause consumer confusion, mistake or deception.

50.    Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on or otherwise undermine the goodwill associated with Plaintiff's federal registered Trademark to Plaintiff's great and irreparable injury.

51.   Defendants have caused substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§1114, 1116, and 1117.

## FORTH CAUSE OF ACTION

**(Statutory Unfair Competition – California Business & Professions Code §17200 et seq.)**

52.   Plaintiff hereby incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

53.   Defendants, by virtue of its acts as alleged above, have willfully, knowingly and intentionally engaged in acts of unfair competition under California Business & Professions Code §17200 *et seq*.

54.   Defendants' conduct has caused irreparable damage to the public and to Plaintiff in a manner that cannot be calculated or compensated in money damages, including by diluting and diminishing the Plaintiff's ability to use the Marks in marketing its own goods and services. Plaintiff has no adequate remedy at law.

55.   As a result of the foregoing, Plaintiff has been injured and Defendants have received illicit profits and wrongful gains.

## FIFTH CAUSE OF ACTION

**(Common Law Unfair Competition and Trademark Infringement)**

56.   Plaintiff hereby incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

57.   Since at least 1977, Plaintiff has made use of the Trademark in connection with The Inner Game concept, its related goods and services, and its brand identity.

58.   Defendants' use of the Trademark in connection with products and marketing that are highly related to the goods and services with which Plaintiff uses and has used its Trademark has caused and/or is likely to cause confusion, deception, and mistake by creating the false and misleading impression that

Defendants' goods and services are associated or connected with Plaintiff, or have sponsorship, endorsement, or approval of Plaintiff or Mr. Gallwey.

59.   The Trademark is unique, distinctive, and have acquired secondary meaning to Plaintiff's consumers.

60.   Defendants, by virtue of its acts as alleged above, has willfully, knowingly, maliciously, and intentionally engaged in acts of unfair competition in the United States in violation of the common law of the State of California.

61.   Defendants' conduct has caused irreparable damage to Plaintiff in a manner that cannot be calculated or compensated in money damages. Plaintiff has no adequate remedy at law.

62.   As a result of Defendants' acts, Plaintiff has been damaged in an amount not as yet determined or ascertainable. At a minimum, however, Plaintiff is entitled to an accounting of Defendants' profits, to damages, and to costs. In light of the deliberate and malicious use of confusingly similar imitations of the Trademark and the need to deter Defendants from similar conduct in the future, Plaintiff is additionally entitled to punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

## **INJUNCTIVE RELIEF**

For permanent injunctive relief that:

1.   adidas, its officers, agents, servants, employees, attorneys, parents, subsidiaries, affiliates, and related companies, and all persons acting for, with, by, through or under them, and each of them, be permanently enjoined and restrained from:

a.   using in any manner the name or mark "THE INNER GAME", "INNER GAME", or any word, words, or trade dress likely to cause confusion, mistake, or deception therewith, including without limitation "THE INNER GAME" OR "INNER GAME" in connection with the sale, offering for sale, distribution, marketing, advertising or promotion of apparel, footwear, sportswear or equipment, and related goods and services;

b.  using any trademark, service mark, name, logo, design, or source designation of any kind on or in connection with adidas' goods, services, brand, or events that is a copy, reproduction, colorable imitation, or simulation of, highly related to, or confusingly similar to the Trademark;

c.  using any trademark, trade dress, service mark, name, logo, design or source designation of any kind on or in connection with adidas' goods, services, brand, or events that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods, services, brand or events are produced by Plaintiff or are sponsored or authorized by Plaintiff, or are in any way connected or associated to Plaintiff; and

d.  engaging in any other activity constituting an infringement of Plaintiff's trademark or trade dress rights or otherwise unfairly competing with Plaintiff in any way.

## DAMAGES

2.    adidas be required to account for and pay over to Plaintiff all profits realized by adidas by reason of the unlawful acts alleged herein, in an amount to be proven at trial;

3.    Plaintiff be awarded all damages caused by the acts forming the basis of this complaint and/or a reasonable royalty for each infringing unit or use;

4.    Based on adidas' knowing and intentional use of confusingly similar imitations of the Trademark, the damages award be trebled and the award of adidas' profits be enhanced as provided for by 15 U.S.C. §1117(a);

5.    adidas be required to pay to Plaintiff all of its costs, disbursements, and reasonable attorneys' fees that Plaintiff has and will incur in this action pursuant to 15 U.S.C. §1117(a) and the state statutes cited in the complaint;

6.    Based on adidas' willful and deliberate infringement of Plaintiff's marks and to deter such conduct in the future, Plaintiff be awarded punitive damages.

## OTHER RELIEF

7.    For such other and further relief as the court may deem appropriate to prevent the infringement, disparagement, or dilution of the Trademark and to prevent further and/or additional acts of unfair competition by adidas.

8.    For prejudgment interest.

9.    For attorneys' fees and costs.

10.    For such other relief as the court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff Inner Game Resources, Inc. hereby demands a trial by jury.

Date: October 28, 2020                    LAW OFFICES OF PERRY C. WANDER

                              _/s/Perry C. Wander_
                              Perry C. Wander, Esq.
                              Attorney for Plaintiff
                              Inner Game Resources, Inc.