1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| INNER GAME RESOURCES, INC., | Civil Action No. 2:20-cv-09938 CAS (PVCx) |
|---|---|
| Plaintiff, | |
| v. | **STIPULATED PROTECTIVE ORDER** |
| ADIDAS AMERICA, INC. ET AL., | |
| Defendants. | Hon. Christina A. Snyder |

Having read and considered the Parties' stipulation for protective order filed on August 25, 2021, and the Court being duly advised,

IT IS HEREBY ORDERED as follows:

1. Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. **GOOD CAUSE STATEMENT:** This action is likely to involve intellectual property, business strategy, and customer and pricing lists and other valuable research, development, commercial, financial, technical, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business and financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to

facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to endure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the end of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

3. The terms "producing party" or "designating party" shall mean any party to this Protective Order designating information and/or a document as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," including third parties who agree to the terms of, and to be bound by, this Stipulation.

4. The term "Confidential Information" shall mean (i) any type of information that has not been made generally available to the public and the disclosure of which the designating party or third party contends would cause material harm or a competitive disadvantage to the designating party's business operations or their personal, business, or privacy interests; (ii) data derived from such confidential information, including any summaries, compilations, quotes, or paraphrases thereof; and (iii) any other oral, written, or recorded material that consists of or contains trade secrets.

5. The term and designation "Confidential" shall mean any document or information that the designating party believes in good faith meets the requirements set forth in Paragraph 4 above. Notwithstanding the foregoing, by agreeing to this Stipulation, no party or third party waives the right to challenge any designating party's designation of any Document or information as "Confidential."

6. The term and designation "Highly Confidential – Attorneys' Eyes Only

Information" shall mean any documents or information that, in addition to satisfying the requirements set forth in Paragraph 4 above, the designating party or third party believes in good faith includes highly confidential business information, including but not limited to proprietary information, highly sensitive financial information, or prospective business or competitive strategies, the unrestricted disclosure of which to another party or third party could provide that party or third party with an unfair competitive advantage over the designating party or could cause significant, irreparable injury to the designating party that cannot be avoided by less restrictive means. Notwithstanding the foregoing, by agreeing to this Stipulation, unless otherwise agreed elsewhere, no party or third party waives the right to challenge any designating party's designation of any document as "Highly Confidential – Attorneys' Eyes Only."

7. All documents, testimony, or other materials produced by designating parties in this case and labeled "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be used only in the above-captioned proceeding.

8. Use of any information or documents labeled "Confidential" or "Highly Confidential – Attorneys' Eyes Only" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any business, commercial, or competitive purpose. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to the source of any specific information or document(s), the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

9. The parties, as well as third parties subpoenaed by one of the parties, may designate as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" documents, testimony, written responses, or other materials produced in this case if

they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards above. The designating party shall designate each page of the document with a stamp identifying it as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," if practical to do so.

10. If portions of documents or other materials deemed "Confidential" or "Highly Confidential – Attorneys' Eyes Only" or any papers containing or making reference to such materials are filed with the Court, they shall be filed under seal and marked as follows or in a substantially similar form:

> CONFIDENTIAL
>
> IN ACCORDANCE WITH THIS COURT'S PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 12 OF THE PROTECTIVE ORDER.

*or*

> HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
>
> IN ACCORDANCE WITH THIS COURT'S PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS FOR ATTORNEYS' EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 13 OF THE PROTECTIVE ORDER.

If a party is filing a document that it has itself designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," that party shall reference this Stipulated Protective Order in submitting the documents it proposes to maintain under seal. If a non-designating party is filing a document that another party has designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," then the non-designating party shall file the document at issue under seal. If the non-

designating party believes a designation is improper or materials should be unsealed, the dispute shall be resolved pursuant to Paragraph 18.

11. A party that seeks to file under seal any material must comply with Local Rule 79-5. Materials may only be filed under seal pursuant to a court order authorizing the sealing of the specific material at issue. If a party's request to file material under seal is denied by the court, then the non-designating party may file the information in the public record unless otherwise instructed by the court.

12. Within thirty (30) calendar days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" any portion of the transcript that the party or witness contends discloses confidential information that meets the applicable standards outlined above. If a transcript containing any such material is filed with the Court, it shall be filed under seal pursuant to Local Rule 79-5 and marked in the same manner as described in Paragraph 8. Unless otherwise agreed or a designation has been made before a transcript becomes final (in which case the parties shall treat the transcript in accordance with such designation), all deposition transcripts shall be treated as "Highly Confidential – Attorneys' Eyes Only" until the expiration of the thirty-day period.

13. "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed under seal by counsel pursuant to Local Rule 79-5 and marked in the same manner as described in Paragraph 10. Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court or this Protective Order.

14. Use of any information, documents, or portions of documents marked

"Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

a. Outside counsel of record for the parties, and the employees and administrative staff of outside counsel's firms.

b. In-house counsel for the parties, and the administrative staff for each in-house counsel.

c. Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.

d. Deponents, independent consultants, trial or jury consultants, or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.

e. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action.

f. The authors or the original recipients of the documents.

g. Any court reporter or videographer reporting a deposition.

h. Employees of vendors retained by outside counsel and/or the parties (e.g., copy services, microfilming or database services, e-discovery services, document review services, etc.), trial support

firms, and/or translators who are engaged by the parties during the litigation of this action.

15.    Use of any information, documents, or portions of documents marked "Highly Confidential – Attorneys' Eyes Only," including all information derived therefrom, shall be restricted solely to the persons listed in Paragraphs 14(a), 14(b), 14(d), 14(e), 14(f), 14(g) and 14(h), unless additional persons are stipulated by counsel or authorized by the Court.

16.    Prior to being shown any documents produced by another party marked "Confidential" or "Highly Confidential – Attorneys' Eyes Only," any person listed under Paragraph 14(c) or 14(d) shall agree to be bound by the terms of this Order by signing the confidentiality agreement attached as Exhibit A, a copy of which shall be retained by counsel for the party making the disclosure for one year after the completion of this action so that it may be shown to counsel for the producing party upon a showing of good cause (as determined by the Court).

17.    Whenever information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, absent a Court order to the contrary, the designating party may exclude from the room any person, other than persons designated in Paragraphs 14 and 15, as appropriate, for that portion of the deposition, hearing, or pre-trial proceeding.

18.    Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party (the "Challenging Party) believes that any documents or materials have been inappropriately designated by another party or subpoenaed party (the "Responding Party"), the Challenging Party will initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1 et seq. As part of that conferral, the Responding Party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally,

the parties consent to a pre-motion telephonic conference before Magistrate Judge Pedro V. Castillo prior to an appropriate motion being filed pursuant to the "Judge's Procedures" available at https://www.cacd.uscourts.gov/honorable-pedro-v-castillo. If the pre-motion telephonic conference does not resolve the dispute, pursuant to Judge Christina A. Snyder's blanket referral of all discovery matters to the Magistrate Judge to whom the case is assigned, either party may file an appropriate motion before Magistrate Judge Castillo requesting resolution of the dispute. If the parties are unable to resolve the dispute, the burden of persuasion in any such challenge proceeding will be on the Responding Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Responding Party has waived or withdrawn the confidentiality designation, all parties will continue to afford the material in question the level of protection to which it is entitled under the Responding Party's designation until the Court rules on the challenge.

19. The inadvertent failure to designate a document, testimony, or other material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." The receiving party or its counsel shall not disclose such documents or materials if that party or its counsel knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

20. Designation by either party of information or documents as

"Confidential" or "Highly Confidential – Attorneys' Eyes Only," or failure to so designate, will not be constitute an admission that information or documents are or are not confidential or trade secrets. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

21. Upon the request of the producing party or third party, within thirty (30) days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information, shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel. The party requesting the return of materials shall pay the reasonable costs of responding to its request. Notwithstanding the foregoing, outside counsel for a party may retain archival copies of confidential documents and work product created therefrom.

The Court finds that there is good cause to protect the confidential nature of certain information in accordance with the procedures set forth above. Accordingly, the Court adopts the above Protective Order in this action.

IT IS SO ORDERED.

DATED: Sept. 13, 2021

_____
Hon. Pedro V. Castillo
United States Magistrate Judge

EXHIBIT A

I, _____, have been advised by counsel of record for _____ in _____ of the protective order governing the delivery, publication, and disclosure of confidential documents and information produced in this litigation. I have read a copy of the protective order and agree to abide by its terms.

_____
Signed

_____
Printed Name

_____
Date